

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sam B. Hall
County Attorney, Harrison County
Marshall, Texas

Dear Sir:               Attention: Mr. Robert M. Sikes:

Opinion No. 0-5694
Re: Whether the sheriff is
required to prepare the
copy to be delivered to
the witness in serving
a subpoena on an out-
of-county witness.

Your letter of October 30, 1943, requesting the opinion of this department on the question stated therein reads, in part, as follows:

"I wish to request an opinion from your department on the following question:

"In serving a subpoena on an out-of-county witness, is the Sheriff required to prepare the copy to be delivered to the witness?

"In looking into this matter, I find that Article 475CCP requires that the officer receiving such subpoena shall execute the same by delivering a copy thereof to each witness therein named. Article 463CCP as amended in 1931, requires the Clerk of the District Court in a felony case, to issue a subpoena after sworn application for such witness is made. I find no provision which applies to the issuance of copies of a subpoena.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Sam B. Hall, page 2

"I find from talking with several old-time Sheriff's Deputies and District Clerks, that it has never been the custom for the Clerk to issue a copy of an out-of-county subpoena, and it has always been the custom for the Sheriff or his deputy to prepare this copy to serve on the witness, so that he may be paid for witness fees upon presentation to the proper clerk. I do not find where this question has ever been passed upon by the courts, or your department. The old case of Hallman v. Campbell, 57 Texas, 54, seems to be applicable to this situation, however. In that case the question was whether or not District Clerks were entitled to a fee of 75¢ for a copy of a citation required to be served on the defendant. The statute under consideration in that case provided the Clerk shall issue a citation, and that the Sheriff should serve a copy thereof on the defendant; but it did not prescribe by whom this true copy should be prepared.

"In discussing the case, Justice Bonner said:

"'It has long been the general practice, under a statute not substantially different from the one under consideration (Pasch, Dig. arts. 1430, 1433), for the clerk to prepare the copy of the citation to be served by the sheriff on the defendant. This practice, we think, is more conducive to the necessary accuracy and dispatch of business than if prepared by the sheriff; it being consistent with the general duties of the clerk that he prepare all proper process, and with those of the sheriff that he execute them as thus prepared and delivered to him.'

"It would seem from this decision that the same rule would apply, and that it would be the District Clerk's duty to prepare sufficient copies of each subpoena for the number of witnesses subpoenaed out of his county."

The Constitution (Art. 1, Section 10) provides that in all criminal prosecutions the accused shall have compulsory process for obtaining witnesses in his favor. The usual mode of securing the attendance of witnesses is by subpoena or by attachment which may issue to compel the attendance of a witness who fails to appear after being duly summoned. Witnesses may also be required to give a bond or recognizance for their appearance in certain circumstances. The Code of Criminal Procedure provides that service of a witness with process or placing him under a recognizance at the instance of either party in a particular case shall inure to the benefit of the opposite party in the event he desires to use such witness, with a proviso that when a witness has once been served with a subpoena no further subpoena shall be issued for him.(Art. 463, Vernon's Annotated Code of Criminal Procedure; Texas Jurisprudence, Vol. 44, p. 947)

The statutes define a subpoena as "a writ issued to the sheriff or other proper officer commanding him to summon one or more persons therein named to appear at a certain term of the Court, or on a certain day, to testify in a criminal action, or before an examining court, coroner's inquest, the grand jury, or before the judge hearing an application under habeas corpus, or in any other case in which the testimony of a witness may be required under the provisions of the Code. (Art. 461, Vernon's Annotated Code of Criminal Procedure)

Articles 45, 475 and 476, Vernon's Annotated Code or Criminal Procedure, read as follows:

"Art. 45. Each clerk of the district or county court shall receive and file all papers in respect to criminal proceedings, issue all process in such cases, and perform all other duties imposed upon them by law."

"Art. 475. Where a witness resides out of the county in which the prosecution is pending, the State or the defendant shall be entitled, either in term time or in vacation, to a subpoena to compel the attendance of such witnesses on application to the proper clerk or magistrate. Such application shall be in the manner and form as provided by Article 463."

"Art. 476. The officer receiving said sub-
poena shall execute the same by delivering a copy
thereof to each witness therein named. He shall
make due return of said subpoena, showing therein
the time and manner of executing the same, and,
if not executed, such return shall show why not
executed, the diligence used to find said witness,
and such information as the officer has as to the
whereabouts of said witness."

Article 463, Vernon's Annotated Code of Criminal Pro-
cedure, which is referred to in Article 475, supra, reads as
follows:

"Before the Clerk or his Deputy shall be
required or permitted to issue a subpoena in any
felony case pending in any district or criminal
district court of this State of which he is clerk
or deputy, the defendant or his attorney or the
State's attorney shall make written, sworn applica-
tion to such Clerk for each witness desired. Such
application shall state the name of each witness
desired, the location and vocation, if known, and
that the testimony of said witness is material to
the State or to the defense. As far as is practicable
such clerk shall include in one subpoena the names of
all witnesses for the State and for the defendant,
and such process shall show that the witness are
summoned for the State or for the defendant. Where
the witness has been served with a subpoena, attached
or placed under recognizance at the instance of either
party in a particular case, such execution of such
process shall inure to the benefit of the opposite
party in such case in the event such opposite party
desires to use such witness on the trial of the case,
provided that when a witness has once been served with
a subpoena, no further subpoena shall be issued for
said witness."

It will be noted that Article 45, supra, requires each
Clerk of the District or County Court to issue all process in
criminal proceedings and Article 461, Vernon's Annotated Code of
Criminal Procedure, requires the subpoena to be dated and signed
officially by the Court or Clerk issuing the same.

We have failed to find any case by the Appellate Courts passing upon the question under consideration. However, we have carefully considered the case of Hallman v. Campbell, 57 Tex. 54, and the case of Porter v. Russet, 29 S. W. 72, relative to the issuance of a copy of the citation and it is our opinion the same rule would apply with reference to issuing a copy of a subpoena to be served on an out-of-county witness in a felony case. Therefore, it is our opinion that it is the duty of the District Clerk issuing the original subpoena to prepare a copy thereof to be served on out-of-county witnesses in felony cases.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Ardell Williams
Assistant

AW:EP

